UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPARTON TECHNOLOGY, INC.,
A New Mexico corporation,

    Plaintiff,

-vs-

Case No. 02-CV-73819-DT
Hon:  AVERN COHN

UTIL-LINK, LLC, a Delaware Limited
Liability Company, NATIONAL RURAL
TELECOMMUNICATIONS COOPERATIVE,
a District of Columbia corporation,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RULE 11 SANCTIONS REGARDING NRTC'S COUNTERCLAIM

This is a commercial dispute.  On November 7, 2005 a jury awarded Sparton substantial damages on its breach of contract and promissory estoppel claims against defendants.  The jury found no liability on Sparton's part on defendants' counterclaim for breach of contract for producing LINKS which were defective and for failing to repair and replace defective LINKS.  As a consequence, the jury did not consider the merits of defendants' damages claim.

Now before the Court is Sparton's Motion styled:

> Plaintiff Sparton Technology, Inc.'s Motion for Rule 11 Sanctions Regarding Defendant NRTC's Counter-Claim.

The motion paper concludes with this statement:

> IN SUPPORT THEREOF, Sparton refers the Court to its Brief in Support of this Motion, and supporting deposition testimony, affidavit and documentation being filed herewith.

The brief in support of the motion contains the following footnote:

> Consistent with the requirements of Rule 11, Sparton prepared and served this Brief and the accompanying Motion for Rule 11 Sanctions on NRTC in 2004, prior to this Court rendering a decision on Sparton's Motion for Summary Judgment with respect to NRTC's counter-claim. This was done in order to provide NRTC with the requisite opportunity to cure the deficiencies in its pleadings, presumably by dismissing its counter-claim. As such, the factual discussion and argument contained in this Brief is based upon the status of the record as of the time the parties had submitted the matter to the Court on their respective motions for summary judgment in mid-2004. As a consequence, the statement of facts and argument contained in this Brief are not based upon the record subsequently established at the jury trial in this matter, which resulted in a verdict of no cause of action on NRTC's counter-claim.

Neither the brief nor the attached exhibit make any reference to the Court's decision on Sparton's Motion for Summary Judgment of September 2, 2004. At pp. 14-16 the Court explained why defendants' counterclaim required resolution by trial. See Exhibit A attached. Likewise, neither the brief nor the attached exhibits make any reference to the 16 day trial which led to the verdicts above described.

Plaintiff's Reply Brief contains only a brief discussion regarding the lack of merit in the counterclaim, and the speculative nature of the evidence of damages introduced by defendants at trial.

While there was a wide gap between defendants' promises pretrial and performance at trial which under careful and detailed analysis might lead to the conclusion that at least

as to proximate cause and damages defendants' damages claim was frivolous, Sparton has not taken the time or put forth the effort to persuade the Court to come to that conclusion.

Sanctioning a party for presenting a frivolous case is something not lightly done. While there were multiple flaws in defendants' proofs supporting the counterclaim, on the record as it stands there is no cause for sanctions.

Sparton's motion for sanctions is DENIED.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: February 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2006, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager
                                         (313) 234-5160