UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPARTON TECHNOLOGY, INC.,
A New Mexico corporation,

    Plaintiff,

-vs-

UTIL-LINK, LLC, a Delaware Limited
Liability Company, NATIONAL RURAL
TELECOMMUNICATIONS COOPERATIVE,
a District of Columbia corporation,

    Defendants.
_____/

Case No. 02-CV-73819-DT
Hon: AVERN COHN

## ORDER DENYING COSTS

    This is a commercial dispute. On April 5, 2006 the Court, entered an Amended Judgment - Final, in favor of plaintiff for an aggregate of $1,918,775.94 (which is considerably less than it sought) on a jury verdict following acceptance of a remittitur. Defendant took nothing on its counterclaim. Now before the Court is plaintiff's Taxed Bill of Costs in the amount of $34,384.27 which is slightly less than it sought. The taxed costs are as follows:

        Fees of the Clerk        $150.00
        Court Reporter Fees    $26,903.25
        Witness Fees           $7,331.02

Defendants object, arguing:

- in the circumstance of the case, costs should not be taxed against it

- certain of the costs allowed by the Clerk should be disallowed as they were

excessive as to witnesses and not necessary as to transcripts.

The papers objecting and in support go into considerable detail regarding specific items. The detailed review required to come to a decision on the merits would involve almost as much time and effort as did the Decision on Defendants' Motion for Judgment as a Matter of Law and New Trial.

Such an effort is not necessary.

Fed. R. Civ. P. 54(d) provides in part: "...costs other than attorney fees shall be allowed as of course to the prevailing party unless the court otherwise directs..." "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728, 729 (6th Cir. 1986). In a close and difficult case, a district judge does not abuse his discretion in requiring each party to pay its own costs. United States Plywood Corp. v. General Plywood Corp., 370 F.2d 500 (6th Cir. 1966).

This is such a case. No extended analysis of the record is necessary to establish this description of the case. Plaintiff grossly exaggerated defendants' misconduct and defendants reciprocated in kind. The Court and the jury were required to expend considerably more time and energy than the legitimate differences between the parties warranted.

Previously, the Court declined to amend the judgment to include pre-judgment interest. See Order Denying Motion to Amend Judgment to Include Pre-Judgment Interest of January 21, 2006, and denied plaintiff's motion for sanctions. See Order Denying Plaintiff's Motion for Rule 11 Sanctions Regarding NRTC's Counterclaim of February 2, 2006. The same result should obtain here.

Defendants' objection to the taxation of costs is GRANTED, and costs to plaintiff are DENIED.

SO ORDERED.

                                                  s/Avern Cohn
                                                  AVERN COHN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 31, 2006, by electronic and/or ordinary mail.

                                                  s/Julie Owens
                                                  Case Manager, (313) 234-5160