UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SPARTON TECHNOLOGY, INC.,
A New Mexico corporation,

      Plaintiff,

-vs-

                                     Case No. 02-CV-73819-DT
                                     Hon:  AVERN COHN

UTIL-LINK, LLC, a Delaware Limited
Liability Company, NATIONAL RURAL
TELECOMMUNICATIONS COOPERATIVE,
a District of Columbia corporation,

      Defendants.

_____/


**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW,**
**MOTION FOR NEW TRIAL, AND MOTION FOR RELIEF FROM JUDGMENT**
**AND**
**DENYING DEFENDANTS' MOTION FOR SANCTIONS**[1]


I. Introduction

      This is a contract case.  The case went to trial where the jury reached a verdict in

favor of the plaintiff.  The Court modified the verdict on defendant's post-trial motion.

See Amended Decision on Defendant's Motions for Judgment as a Matter of Law and

New Trial, filed March 27, 2006.  An appeal and cross-appeal followed to the Court of

Appeals for the Sixth Circuit.  The court of appeals reversed in part the Court's decision

on the post-trial motion and remanded for entry of an amended judgment.  See Sparton

---

[1]Ordinarily the Court would schedule these matters for hearing.  However, upon
review of the parties' papers, the Court finds that oral argument is not necessary.  See
E.D. Mich. LR 7.1(e)(2).

<u>Tech., Inc. v. Util-Link, LLC</u>, Nos. 06-1582, 06-1687 (6th Cir. Sept. 21, 2007). The Court

entered an amended judgment following receipt of the mandate.

Now before the Court is plaintiff's motion for judgment as a matter of law, motion

for new trial, and motion for relief from judgment. As will be explained, the motion

relates to plaintiff's contract claim regarding defendant's obligation to purchase an

additional 35,000 LINK units. For the reasons that follow, the motion will be denied.

Also before the Court is defendant's motion for sanctions relating to plaintiff's

filing of the instant motion.

For the reasons that follow, the motions are DENIED.

## II. Background

On November 7, 2005, following a 16 day trial, a jury returned a verdict in favor

of plaintiff for $494,644.23 on the claim that defendant[2] breached the 1997

manufacturing agreement by failing to pay for obsolete materials. The jury rejected

plaintiff's claim that defendant breached the 1997 manufacturing agreement by failing to

pay for testing equipment. Significant to the present motion, the jury also found that the

parties had a contract for an additional 35,000 LINK units, <u>but</u> that defendant did not

breach the contract by failing to purchase these LINKS. The jury however found for

plaintiff on its estoppel claims relative to the 35,000 LINK units and awarded damages

in the amount of $3,087,043.09. Lastly, the jury rejected defendant's claim that plaintiff

---

[2]Initially there were two defendants named in the case, Util-Link, LLC and National Rural Telecommunications Cooperative (NRTC). Although Util-Link, LLC was a separate entity at the inception of the parties' relationship, it ultimately became a wholly owned subsidiary of NRTC and was later dissolved. The jury was instructed to treat the two defendants as a single entity.

breached the 1997 manufacturing agreement by producing LINKS which were defective and by failing to repair and replace defective LINKS.  A judgment for $3,581,687.32 was entered in favor of plaintiff on November 8, 2005.

Defendant filed a motion for judgment as a matter of law or new trial on several grounds.  With respect to the additional 35,000 LINKS, defendant argued that the jury's finding of an express contract precluded the jury's verdict on the estoppel claims and that the evidence at trial did not support the damage award.  The Court denied defendant's motion and found that the evidence did not support the existence of a contract.  The Court upheld the verdict on the estoppel claims; it suggested plaintiff accept a remittitur to $1,747,415.94 on the additional 35,000 LINK units, which plaintiff did.  An amended judgment was entered on April 5, 2006.

Plaintiff filed a motion to amend the judgment to include prejudgment interest and a motion for sanctions.  The Court denied these motions.

Defendant appealed the Court's decision on its post-trial motion, arguing that (1) the jury's estoppel award must be set aside in light of the jury's finding that a contract existed for the additional 35,000 LINK units, (2) the estoppel award was unsupportable as a matter of law, and (3) judgment as a matter of law was appropriate on its counter-claim.  Plaintiff filed a cross appeal from the Court's decisions denying pre-judgment interest and sanctions.

The court of appeals, in an unpublished decision, affirmed in part and reversed in part.  Significantly, the court of appeals reversed the Court's decision on plaintiff's estoppel claims finding that, under applicable Tennessee law, the jury's verdict that a contract existed for the additional 35,000 LINKS, which defendant was found not to

have breached, precluded consideration of any estoppel claim. The court of appeals therefore vacated the portion of the judgment, $1,747,415.94, representing the verdict on the estoppel claims and remanded the case for entry of an amended judgment. The court of appeals affirmed the Court's decisions on defendant's counter-claim and plaintiff's motion for prejudgment interest and sanctions. . Plaintiff did not seek rehearing. The mandate issued on November 8, 2007.

On December 20, 2007, plaintiff filed a petition for writ of certiorari in the United States Supreme Court. No. 07-828. According to defendant, plaintiff's petition asserts that it was deprived of its right to a jury trial as a result of the Sixth Circuit's reversal of the estoppel verdict.

On December 21, 2007, the Court entered a Second Amended Judgment, which both parties approved as to form, providing that (1) plaintiff recover $171,360.00 for obsolete materials, (2) plaintiff recover nothing on its breach of contract claim and (3) the jury's award on plaintiff's estoppel claims was vacated.

On December 31, 2007, plaintiff filed the instant motion.[3]

### III. Plaintiff's Motion for JMOL, New Trial, Relief from Judgment

#### A.

In a diversity case such as this, state law governs a Rule 50(b) motion. <u>Morales v. American Honda Motor Co., Inc.</u>, 151 F.3d 500 (6th Cir. 1998). Federal law governs a Rule 59 motion, <u>Morales</u>, <u>supra</u>.

---

[3]Although plaintiff has a petition for certiorari pending in the Supreme Court, neither party has suggested that the Court lacks jurisdiction to entertain plaintiff's motion.

On a motion for judgment as a matter of law (JMOL) motion Tennessee law

> "[requires] that trial judges and appellate courts take the
> strongest legitimate view of the evidence in favor of the
> plaintiff, allow all reasonable inferences to be drawn
> therefrom in his favor, discard all countervailing evidence
> and deny the motion if there is any doubt as to the
> conclusions to be drawn from the whole evidence; a verdict
> should be directed only if reasonable minds could draw but
> one conclusion."

Saul v. Evans, 635 S.W.2d 377, 379 (Tenn. 1982).

Sixth Circuit law on a motion for new trial states:

> A court may set aside a verdict and grant a new trial when it
> is of the opinion that the verdict is against the clear weight of
> the evidence; however, new trials are not to be granted on
> the grounds that the verdict was against the weight of the
> evidence unless that verdict was unreasonable.  Thus, if a
> reasonable juror could reach the challenged verdict, a new
> trial is improper.

Tisdale v. Federal Express Corp., 415 F.3d 516, 528-29 (6th Cir. 2005).

Fed. R. Civ. P. 60(b) provides that "[o]n motion and upon such terms as are just,

the court may relieve a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons . . . any other reason justifying relief from

the operation of the judgment."  Rule 60(b) relief is appropriate only in "unusual and

extreme" situations as justice requires.  Blue Diamond Coal Co. v. Trustees of the

UMWA Combined Benefit Fund, 239 F.3d 519, 524 (6th Cir. 2001).

B.

Plaintiff's position is:

The portion of the jury verdict adopted and reinstated by the Sixth Circuit
indicates that the jury found that there was a contract between the parties
requiring [defendant] to purchase 35,000 additional LINK units from [plaintiff].  If
[defendant] had a contractual obligation to purchase 35,000 additional LINK

units, but did not purchase any of those units, [defendant] breached its contractual obligations to [plaintiff].

Plaintiff's motion at p. 7-8. Plaintiff goes on to say that the "uncontroverted evidence" at trial shows that defendant breached its obligation. Thus, plaintiff says it is entitled to a JMOL on its contract claim, with a judgment entered in the amount found on the estoppel claims, or a new trial on its contract and/or estoppel claims.

Plaintiff's position lacks merit. First, as defendant points out, plaintiff did not file a motion for JMOL or new trial regarding the jury's verdict on its breach of contract claim after either the initial judgment or amended judgment was entered. The request now is untimely.

Second, and most importantly, the court of appeals has reviewed the jury's finding on plaintiff's contract claim, stating:

> A jury's verdict that could have reasonably been reached should be left undisturbed . . . the district court improperly set aside the contract finding . . Hence, the breach of contract claim was tried to the jury which, on consideration of the fully developed record, determined that there was indeed a contract between the parties governing the 35,000 LINK units, a contract, however, which [defendant] was found not to have breached.

Sparton v. Util-Link, slip op. at p. 13 (emphasis added). Contrary to plaintiff's statement that the "Sixth Circuit did not in any way address whether, based on the evidence adduced at trial, it was reasonable for the jury to have concluded that [defendant] did not breach the contract," the court of appeal's above statement, fairly read, says that the court of appeals found the jury's verdict that a contract for the additional 35,000 LINK units existed but that the contract was not breached was supported by the evidence.

Moreover, plaintiff's insistence that it could not have challenged the jury's verdict on its breach of contract claim on appeal is unfounded. Although the Court set aside

6

the finding as to the existence of a contract, there is nothing that precluded plaintiff from

arguing that, should the court of appeals disagree with the Court's decision, the

evidence was insufficient for the jury to have found the contract breached.

It is clear that when a case has been remanded by an appellate court, the district

court is bound to "proceed in accordance with the mandate and law of the case as

established by the appellate court." Petition of U.S. Steel Corp., 479 F.2d 489, 493 (6th

Cir. 1973). The "law of the case" doctrine precludes a court from "reconsideration of

identical issues." Id. "Issues decided at an early stage of the litigation, either explicitly

or by necessary inference from the disposition, constitute the law of the case." Coal

Resources, Inc. v. Gulf & Western Ind., 865 F.2d 761, 766 (6th Cir. 1989). See Hanover

Ins. Co. v. American Engineering Co., 105 F.3d 306, 312 (6th Cir. 1997).

The court of appeal's remanded the case specifically "for entry of judgment in

favor of [defendant] on [plaintiff's] . . . estoppel claims." Plaintiff's motion is an attempt

to circumvent the court of appeals' ruling on plaintiff's breach of contract claim.

To revisit the jury's verdict on plaintiff's contract claim, and either enter judgment in

plaintiff's favor or order a new trial, would turn the court of appeal's decision on its head.


Finally, plaintiff's reliance on Hetzel v. Prince William County, 523 U.S. 208

(1998) is misplaced. Plaintiff says that Hetzel stands for the proposition that "in

situations where a party would have had a right to seek a new trial had the trial court

acted in accord with how the court of appeals believed it should have initially acted, the

party retains the ability to request that the trial court order a new trial following remand."

This statement is a gross over-characterization of the Supreme Court's holding.

In Hetzel, the plaintiff prevailed in an employment discrimination suit against her employer. The district court reduced the damage award based on insufficient evidence as to part of her claim. The parties appealed. The court of appeals reversed the damage award as excessive and remanded to the district court for a recalculation of damages. On remand, plaintiff moved for a new trial on damages, arguing that the court of appeals essentially offered her a remittitur which she was entitled to either accept or seek a new trial. The district court agreed and granted plaintiff's motion. The defendant petitioned for writ of mandamus. The court of appeals granted the petition and stayed the scheduled retrial. On certiorari, the Supreme Court held that court of appeals violated the plaintiff's Seventh Amendment right to jury trial by requiring the district court to enter judgment for lesser amount than that determined by jury, without allowing plaintiff the option of a new trial.

Clearly, the situation in Hetzel is not analogous. Hetzel simply does not support plaintiff's argument that it is entitled to revisit the jury's verdict on the breach of contract claim under the circumstances which obtain here.

IV. Defendant's Motion for Sanctions

Defendants have filed a motion for Rule 11 sanctions on the grounds that plaintiff's motion is frivolous and sanctionable.

The parties, particularly defendants, have displayed a penchant for filing Rule 11 motions throughout the life of the case. None of the motions were granted. Defendants filed a motion for sanctions for plaintiff's non-compliance with the local rules regarding line spacing. The motion was denied. Defendants filed a motion for sanctions requesting over $200,000.00 in legal fees and expenses relating to discovery on certain

of plaintiff's claims which plaintiff later dismissed. The motion was stayed pending the outcome of the case; defendants did not request the Court to rule at the close of the case and the motion essentially became moot. Finally, plaintiff's filed a motion for sanctions regarding defendants' counterclaim after the jury rejected the claim. The Court denied the motion. As stated above, the court of appeals affirmed the denial of sanctions.

In light of this history, it should come as no surprise that the Court is not inclined to grant defendants' motion. That the Court denied plaintiff's motion is sufficient. The Court has previously commented on the excessive lawyering in this case. The parties would be advised to let the case finally come to an end.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 6, 2008, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160
